**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ANAGHA EMEKA ONUOHA,

      Petitioner,

v.                                                                                    Case No. 8:26-cv-1616-WFJ-TGW

COL. JOE GERRETZ, *et al.*,

      Respondents.

_____/

## <u>ORDER</u>

Anagha Emeka Onuoha, a federal pretrial detainee, initiated this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241, (Doc. 1), and an emergency motion for a temporary restraining order and preliminary injunction, (Doc. 2). He seeks "immediate release" from the Pinellas County Jail, alleging that jail officials have failed to provide "the specialized medical care" necessary to treat his multiple myeloma. (Doc. 1 at 1). For the reasons explained below, the petition is dismissed without prejudice, and the emergency motion is denied as moot. *See* Rule 4, Rules Governing § 2254 Cases ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").[1]

---

[1] Under Rule 1(b), the Rules Governing Section 2254 Cases in the United States District Courts are also applicable to § 2241 cases.

In May 2025, Mr. Onuoha was indicted on charges of willfully and knowingly making a false statement in a passport application and theft of government funds. *United States v. Onuoha*, No. 8:25-cr-261-TPB-AAS, Doc. 1 (M.D. Fla.). The Magistrate Judge ordered him detained without bail pending trial. *Id.*, Docs. 12, 34. Mr. Onuoha sought review of the detention order. *Id.*, Doc. 38. The District Judge agreed with the Magistrate Judge that pretrial detention was "warranted," explaining that Mr. Onuoha was a "flight risk" because he faced a "lengthy prison sentence and deportation" if convicted. *Id.*, Doc. 47 at 3. The District Judge also noted that, in August 2025, Mr. Onuoha was indicted on separate charges of possession of a firearm and ammunition by a felon. *Id.* at 2; *see also United States v. Onuoha*, No. 8:25-cr-418-TPB-NHA (M.D. Fla). According to the District Judge, Mr. Onuoha presented "a danger to the community" because he "acquired a firearm and ammunition" despite being "an unauthorized alien and a felon." *Onuoha*, No. 8:25-cr-261-TPB-AAS, Doc. 47 at 3. Additionally, Mr. Onuoha had "the means and knowledge to travel in and out of the country under multiple false identities." *Id.* The District Judge acknowledged Mr. Onuoha's "serious medical conditions" but found that they did "not provide a basis for release from custody." *Id.* at 2-3.

Mr. Onuoha appealed. *Id.*, Doc. 48. In February 2026, the Eleventh Circuit declined to order Mr. Onuoha's release, finding that "there was no condition or combination of conditions that would reasonably assure [his] appearance and that he present[ed] a danger to the community."[2] *Id.*, Doc. 61.

---

[2] The Magistrate Judge in Mr. Onuoha's felon-in-possession case found that "the issue of bond [was] moot" because he "was ordered detained in a separate federal criminal case." *Onuoha*, No. 8:25-cr-418-TPB-NHA, Doc. 15 at 3.

Having failed to obtain pretrial release in his criminal case, Mr. Onuoha now petitions for habeas corpus relief under § 2241. (Doc. 1). He alleges that, since his detention at the Pinellas County Jail, he has "missed essential cancer treatments" and been "denied access to oncology specialists." (*Id.* at 4). As a result, his multiple myeloma has "relapsed and progressed." (*Id.*) According to Mr. Onuoha, he "is very likely to die very soon if he is not released to continue an aggressive and specialized treatment that is not available to him in the detention facility." (*Id.* at 4-5). Mr. Onuoha contends that the denial of medical treatment violates his constitutional rights, and that the "detention ruling" in his criminal case was "erroneous" under the Bail Reform Act. (*Id.* at 5-7). Based on these assertions, Mr. Onuoha seeks either "immediate release" or "temporary release . . . for necessary medical care." (*Id.* at 8).

Mr. Onuoha's petition must be dismissed because habeas corpus is the wrong legal vehicle for his claims. "Claims challenging the fact or duration of [confinement] fall within the 'core' of habeas corpus, while claims challenging the conditions of confinement fall outside of habeas corpus law." *Vaz v. Skinner*, 634 F. App'x 778, 780 (11th Cir. 2015) (citations omitted); *see also Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a [42 U.S.C.] § 1983 action."). Thus, a "§ 2241 petition is not the appropriate vehicle for raising an inadequate medical care claim, as such a claim challenges the conditions of confinement, not the fact or duration of that confinement." *Vaz*, 634 F. App'x at 781.

Here, Mr. Onuoha seeks habeas relief based on the conditions of his confinement—namely, the alleged denial of appropriate medical care at the Pinellas County Jail. (Doc. 1 at 4-5). But a "federal court cannot use the writ of habeas corpus to supervise prison medical care." *Quintero v. Noem*, No. 2:26-cv-853-KCD-NPM, 2026 WL 886590, at *2 (M.D. Fla. Apr. 1, 2026). Because Mr. Onuoha "is alleging that his facility cannot accommodate his needs, his claim is not cognizable in a habeas petition." *Id.*; *see also Chen v. Carlton*, No. 25-cv-21300, 2025 WL 1092379, at *2 (S.D. Fla. Apr. 11, 2025) ("[T]he Petition challenges the 'conditions of confinement, denial of necessary and immediate medical care and treatment[.]' Thus, the Petition is due to be dismissed, as a § 2241 petition is not the appropriate vehicle for Petitioner's claims."). To the extent that Mr. Onuoha wishes to pursue his constitutional claims concerning the denial of medical care, he must raise them in a separate civil-rights action rather than a habeas petition.[3]

Likewise, § 2241 is not the appropriate vehicle for Mr. Onuoha's challenge to the detention order. "[E]very federal appellate court to opine on the issue has determined that federal detainees challenging an order of detention can proceed only under the Bail Reform Act[, 18 U.S.C. § 3141, *et seq.*,] and not under a § 2241 petition for habeas relief." *Williams v. Pearce*, No. 1:21-cv-1317-AT, 2021 WL 12220361, at *1 (N.D. Ga. July 6, 2021) (collecting cases). If Mr. Onuoha believes that recent developments warrant pretrial release, he may move to reopen the detention hearing in his criminal case. *See* 18 U.S.C. § 3142(f) (a detention hearing "may be reopened, before or after a determination by the

---

[3] In any event, "even if [Mr. Onuoha] established a constitutional violation, he would not be entitled to the relief he seeks because release from imprisonment is not an available remedy for a conditions-of-confinement claim." *Vaz*, 634 F. App'x at 781.

judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community"). Indeed, the District Judge in Mr. Onuoha's criminal case noted that "[t]o the extent that [he] ha[d] medical conditions and issues that he ha[d] trouble controlling while incarcerated, such as access to medications, counsel may raise those issues with the Court." *Onuoha*, No. 8:25-cr-261-TPB-AAS, Doc. 47 at 3 n.2.

Accordingly, it is **ORDERED** that:

1.  Mr. Onuoha's § 2241 petition (Doc. 1) is **DISMISSED without prejudice**. His emergency motion for a temporary restraining order and preliminary injunction (Doc. 2) is **DENIED as moot**.

2.  The Clerk is directed to **ENTER JUDGMENT** against Mr. Onuoha and to **CLOSE** this case.[4]

**DONE** and **ORDERED** in Tampa, Florida, on June 5, 2026.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

---

[4] Because Mr. Onuoha is a federal pretrial detainee, he does not need a certificate of appealability to appeal this order. *See Sawyer v. Holder*, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003). If a certificate of appealability were required, however, the Court would decline to issue one because Mr. Onuoha fails to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).